JAMES P. BULLARD vs. HARMAN VAN TASSELL and JOHN VAN TASSELL.

The 46th section of the amended Judiciary Act of 1847, (2 Vol., p. 647,) is unconstitutional.
  (See 8th section of the 6th article of the constitution.)
It was held, that a special attorney who had not complied with the provisions of the constitution, as to his admission, was not authorized to conduct a suit for another, as his attorney ; and that if he did so, no costs could be taxed in his favor for his services. (See
  ante pages 169 and 397.)

Before WILLARD, Justice.—This was an appeal from the taxation of costs. The action was ejectment commenced in April, 1848, in which the Defendants appeared and pleaded by S. Hooker Baldwin. Baldwin was not an attorney or counsellor of this court, but was specially authorized by the Defendants to appear and act as their attorney, in pursuance of the 46th section of the act of Dec., 1847, entitled " an act to amend the act entitled an act in relation to the judiciary." (Laws of 1847, 2 Vol., p. 647.) On the trial of the cause at the August circuit for Warren county, the Plaintiff entered a *nolle prosequi* as to the Defendant John Van Tassell, and recovered a verdict against the Defendant Harman Van Tassell. In September following, Mr. Baldwin made out his costs in behalf of the Defendant John Van Tassell, charging therein the same fees as for an attorney and counsellor of this court, and the other disbursements. On the taxation before the judge of Warren county, the Plaintiff's attorney objected to $24.50 of the bill, being the items therein for services as attorney and counsel in the cause, on the ground that no such attorney of this court was retained, and that the services were rendered by Mr. Baldwin, an attorney appointed in pursuance of the 46th section of the aforesaid act. The objection was overruled by the county judge, who taxed these items, together with the disbursements, amounting in all to $28.17.

There is a dispute between the parties, as to the facts which were presented to the county judge, but I am of opinion, enough was shown to require Mr. Baldwin to swear that he was an attorney and counsellor of this court. It was a fact within his own knowledge. The Plaintiff's attorney swears that the objection was distinctly raised, and the fact admitted that Baldwin was not an attorney and counsel, other than by the appointment of the party. The denial of this allegation is evasive. Baldwin no doubt insisted that he was an attorney and counsel by virtue of the written appointment, but he did not pretend, nor does he now pretend, that he was then, or that he is now an attorney and counsel of this court. His own affidavit used in opposition to this motion, sets out the appointment in writing, signed by Van Tassell, but no certificate of his admission by this court. The affidavit on which this appeal is founded, states that the objection before the taxing officer was, 1st, that the 46th section in question was unconstitutional, and 2d, that the law did not allow the costs of attorney and counsel to any person other than to an attorney and counsellor of this court. The fact that the Plaintiff's attorney raised these objections is not denied, but expressly admitted in the opposing affidavit of Mr. Baldwin; and the county judge decided both these objections against the Plaintiff's attorney. The question, therefore, is fairly raised on this appeal, whether the 46th section of the act in question is constitutional, and whether, if it is, the costs allowed by the fee bill to attorney and counsel can properly be taxed in a case where no attorney and counsel is employed, except such as is appointed under the said 46th section.

The 8th section of the 6th article of the constitution, provides that " any male citizen of the age of twenty-one years, of good moral character, and who possesses the requisite qualifications of learning and ability, shall be entitled to admission to practice in all the courts of this state." The same section takes away from the court the power of appointment to public office; and the clause above cited, by necessary implication, abolishes the rules of the court prescribing a period of clerkship, and the statute requiring an oath of office to be taken. It, however, obviously contemplates that the Legislature or the courts, or both, should prescribe the manner in which the constitutional requirements to admission to practice shall be made known and certified; accordingly, the Legislature, by § 75 of the Judiciary Act, (p. 343,) and this court, by rule 1st, directed the examination to be in open court; and by rule 2d, the evidence of age, citizenship and character is prescribed. The former law (2 R. S. 287, § 65,) provided that no preson should be admitted a counsellor, solicitor or attorney in any court,

unless he be approved by such court for his character and learning; and the next section required him, when admitted, to subscribe the roll and take the oath of office in open court. The rules of court prescribed a period of clerkship as well as an examination, as to qualification, and certificates of moral character, as the means for determining the character and learning of the applicant. The existing constitution, in some respects, goes further than the former pactice, as it requires not only evidence of age, citizenship and good moral character, but also requisite qualification of LEARNING and ABILITY, prior to an admission to practice. A candidate may possess the requisites of age, citizenship, character and learning, and yet not possess *ability* sufficient to entitle him to admission. In this respect, the constitutional requirements are more rigorous than the former law. It is manifestly contemplated by the constitution, that the courts are to determine whether all these qualifications, of age, citizenship, character, learning and ability are possessed by the candidate, before he can be admitted to practice in all the courts of this state. The objection to the 46th section in the amended Judiciary Act, is, that it takes away from the court the power of passing upon these qualifications and gives it to a litigant party. It may have been unwise thus to restrict parties by a constitutional regulation, with respect to the choice of their attorney: but while the constitution remains as the organic law, it is not competent for the Legislature to repeal it, or to change it. I concur, therefore, with those of my brethren, to whom this question has been submitted, on other occasions, in the opinion that the section in question is unconstitutional. (See 3 Howard's Sp. T. R. page 169.)

If this be so, it was wrong to allow costs to such attorney and counsel, and the question is not changed by the fact that the Plaintiff's attorney recognized Mr. Baldwin as the attorney for the Defendants throughout the litigation.

But if I am wrong in this, I am still of the opinion that the fee bill (Laws of 1840, p. 327, *et seq.* ; Laws of 1844, p. 402,) allows costs to a party for counsel, solicitor or attorney only, in case such officers are retained by him. A party prosecuting or defending in person, as he always had a right to do, was never entitled to such costs unless he was himself an attorney, &c., until the act of Dec. 14, 1847, § 47. (Laws of 1847, p. 647.) This is plainly inferred from the language of all the fee bills. See 2 R. S. 628, *et seq.*, §§ 14, 15, 17, 18, 27, page 651, §§ 8 and 9, and is in conformity to the former practice. Although judgment for costs is nominally in favor of the party, (2 R. S. 614,) yet in truth it belongs

to the attorney, and his lien will be protected by the courts, when it is not countervailed by some superior equity. The fees for counsellors, solicitors and attorneys, are intended only for officers of that rank, admitted by the courts, and cannot be claimed by a special attorney, appointed under the act of December, 1847; such attorney has no claim to remuneration for his services, except against his own client upon the contract of retainer.

The decision of the taxing officer must be reversed; and the items in the bill of costs, taxed for services as attorney and counsel, amounting to $24.50, must be stricken out.